# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,                            Case No. 21-cr-51 (DWF/TNL)

                Plaintiff,

v.                                                                          **ORDER**

Edell Jackson,

                Defendant.

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Daniel L. Gerdts, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26, ECF No. 20; and

2. Defendant's Motion for an Order to Preserve All Handwritten and Digital Notes of Interviews, Debriefings, or Surveillances, ECF No. 21.

A hearing was held on June 4, 2021. ECF No. 29. Assistant United States Attorney Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). Attorney Daniel L. Gerdts appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26, ECF No. 20, is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**.  Defendant generally seeks materials subject to disclosure under Rules 12(h), 16, and 26.2 of the Federal Rules of Criminal Procedure.  The Court addresses each in turn.

**Rule 12(h).**  Rule 12(h) states that Rule 26.2, which requires the production of witness statements, applies to suppression hearings and law enforcement officers are considered government witnesses at such hearings.  Fed. R. Crim. P. 12(h); *see generally* Fed. R. Crim. P. 26.2.  The Government does not object to Defendant's motion to the extent it seeks items "fall[ing] within the ambit" of Rule 12.  Gov't Omnibus Resp. at 1, ECF No. 27.  At the hearing, the Government clarified that it would be calling only one witness, *contra* ECF No. 28, and confirmed it had produced the requisite statements.  Tr. 6:4-21, ECF No. 33.[1]  Accordingly, this portion of Defendant's motion is denied as moot.

**Rule 16.**  Defendant generally seeks materials subject to disclosure under Rule 16. *See* Fed. R. Crim. P. 16(a) (Government's disclosure obligations); *see also* Fed. R. Crim. P. 12(b)(3)(E) (pretrial motions for discovery under Rule 16 to be made before trial). The Government likewise does not object to Defendant's motion to the extent it seeks items "fall[ing] within the ambit" of Rule 16, and states that it has and will continue to

---

[1] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due June 25, 2021, and no such notice was filed.  ECF No. 33.

comply with Rule 16.  Gov't's Omnibus Resp. at 1.  The Government does, however, object to the extent Defendant seeks discovery outside of Rule 16.

Defendant's motion is granted in part to the extent he seeks discovery subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced.  Defendant's motion is further granted in part to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.  To the extent Defendant seeks discovery already produced or that the Government is not otherwise obligated to disclose by law, the motion is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

*Experts.*  At the hearing, the Court inquired as to whether there was a need for expert deadlines.  Tr. 11:5-16.  Consistent with the parties' agreement, no later than four weeks prior to trial, the parties shall make their principal expert disclosures, and, no later than two weeks prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

*Technical Difficulties.*  The Court notes that there were some technical difficulties encountered with discovery.  *See, e.g.*, ECF No. 20 at 1 ("software compatibility issues"); ECF No. 24 at 1 (same); Tr. 15:3-11.  There was also an issue of arranging for Defendant to review certain electronic discovery produced by the Government, again due to software issues, as in-person visits with counsel are not presently permitted under the COVID-19 protocols at the facility where Defendant is detained.  Tr. 7:25-9:15.  As of

3

the hearing, the software issue with the statement had been resolved.  Tr. 15:3-15.  At the hearing, it was suggested that the Government permit Defendant to be transported to the United States Attorney's Office so that the discovery could be reviewed with defense counsel and the Government agreed to look into it.  Tr. 9:2-10:6.  Defendant's post-hearing memorandum reflects that this issue has also been resolved.  *See* ECF No. 34 at 1 ("Defendant also notes for the record that the United States has arranged for Defendant to be transported to the St. Paul courthouse for the purpose of reviewing the audiovisual evidence discussed at the hearing that he is unable successfully to review at the jail for apparent technical reasons.").  The Court appreciates the efforts of both parties' counsel in addressing and resolving these issues.

**Rule 26.2 & the Jencks Act, 18 U.S.C. § 3500.**  Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed immediately.  At the hearing, Defendant requested that the Government disclose these materials "at least one week before trial if that's possible."  Tr. 7:5-8.  The Government objects to any Court-ordered early disclosure.  Gov't Omnibus Resp. at 2.  Notwithstanding this objection, the Government represents that is "has turned over all Jencks Act materials in its possession" and has "agree[d] to provide any material it subsequently receives not later than three [business] days prior to trial."  Gov't Omnibus Resp. at 2; *see* Tr. 6:14-15, 21-25 (business days), 7:9-18 (business days).

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the

4

> defendant may move for the production of any statements in
> the government's possession made by that witness relating to
> the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b).

"Although in many cases the government freely discloses Jencks Act material to the

defense in advance of trial, the government may not be required to do so."  *Green*, 151

F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72

(8th Cir. 1996).   Defendant's request for early disclosure of Jencks Act materials is

denied.  While the Court is not ordering the Government to disclose Jencks Act materials

early, the Court encourages the parties to disclose such materials no less than three

business days before trial.

       **Timing of Disclosures.**   Generally speaking, Defendant has requested that the

discovery sought be produced "immediately."  ECF No. 20 at 2.  Except as otherwise set

forth in this Order, the Government shall produce the discovery ordered herein as soon as

practicable.

       **Rule 16(c).**  While the Court has no reason to doubt that the Government will

honor its continuing disclosure obligations under Rule 16(c), any responsive information

or material subject to disclosure that subsequently comes into the Government's

possession, knowledge, or control shall be produced in a timely fashion.

       2.    Defendant's Motion for an Order to Preserve All Handwritten and Digital

Notes of Interviews, Debriefings, or Surveillances, ECF No. 21, is **GRANTED**.

Defendant requests an order directing that "the prosecution and all investigating agents

. . . preserve all handwritten and digital notes of interviews, debriefings, or surveillances

5

of Defendant, alleged co-conspirators, witnesses, and informants made during this investigation." The Government does not object to the retention of rough notes, but opposes an order requiring disclosure of rough notes. Gov't's Omnibus Resp. at 2-3.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

3.      All prior consistent orders remain in full force and effect.

4.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August___25___, 2021                                   _____*s/ Tony N. Leung*_____
                                                             Tony N. Leung
                                                             United States Magistrate Judge
                                                             District of Minnesota


                                                             *United States v. Jackson*
                                                             Case No. 21-cr-51 (DWF/TNL)