UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-051 (DWF/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Edell Jackson, | |
| Defendant. | |

This matter is before the Court upon Defendant Edell Jackson's ("Defendant") objections (Doc. No. 38 ("Def. Obj.")) to Magistrate Judge Tony N. Leung's August 25, 2021 Report and Recommendation (Doc. No. 36 ("Report and Recommendation")) insofar as it recommends that Defendant's Motion to Suppress Search and Seizure Evidence (Doc. No. 23 ("Motion")) be denied.[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and all submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

---

[1] The Report and Recommendation followed a hearing and post-hearing briefing. (*See* Doc. Nos. 29, 34, 35.)

The Report and Recommendation also recommended that Defendant's Motion to Suppress Electronic Surveillance (Doc. No. 22) and Motion to Suppress Statements Made by Defendant (Doc. No. 24) be denied as moot. (Report and Recommendation at 8-9, 21-23.) Defendant does not object to those recommendations. The Court also agrees with the Magistrate Judge's recommendation to deny those motions as moot.

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Defendant's Motion stemmed from three separate searches and seizures: (1) seizure of Defendant and his vehicle on January 14, 2021; (2) the search of Defendant's vehicle after it was towed; and (3) the search of Defendant's mobile telephone.  (*See* Doc. Nos. 23, 34.)  Defendant argued that each search and seizure lacked probable cause.  (*See* Doc. No. 34.)  As for the January 14, 2021 seizure, Defendant argued that law enforcement did not have probable cause to believe that the person they were seizing was the person who had committed the crime, or that the person was Defendant.  (*Id.* at 4-5.)  Defendant also argued that the search of his vehicle was invalid because the authorizing warrant lacked probable cause when its supporting affidavit did not set forth a basis to believe any item of evidentiary value would be found (*id.* at 7); and that the search of his mobile telephone was invalid because the factual basis for probable cause was derived from previous searches and seizures that were constitutionally infirm (*id.* at 8).  He further argued that evidence seized from his mobile phone must be suppressed because law enforcement entered his passcode to access his phone before they obtained a warrant.  (*Id.* at 8-9.)

In the Report and Recommendation, Magistrate Judge Leung addressed Defendant's arguments but concluded that each search and seizure was properly supported by probable cause and that accessing Defendant's mobile telephone did not constitute a search under the Fourth Amendment.  (Report and Recommendation at 10-20.)  Specifically, the Magistrate Judge found that: (1) based on a number of

circumstances including the exact known location of Defendant's mobile telephone and a vehicle in that location that matched the color, model, and license plate number of a vehicle believed to be driven by Defendant, a reasonably prudent police officer with knowledge of Defendant's alleged crime would believe that the male in this location was Defendant (*id.* at 12-13); (2) separate probable cause existed to seize Defendant when he attempted to flee from law enforcement (*id.* at 14-15); (3) probable cause existed to search Defendant's vehicle when the affidavit set forth sufficient facts to establish a fair probability that evidence of criminal activity, including the alleged assault and illegal possession of firearms, would be found in the vehicle (*id*. at 18);[2] (4) probable cause existed to search Defendant's mobile telephone when the seizure of Defendant and search of his vehicle were both valid, and the application for a warrant established a fair probability that evidence of the alleged assault would be found in the phone's electronic data (*id*. at 19); and (5) Defendant failed to meet his burden to establish that simply entering the passcode to unlock a mobile phone constituted a search under the Fourth Amendment (*id.* at 20-21).

---

[2] Magistrate Judge Leung specifically noted that the affidavit included information from Defendant's alleged victim that she saw him with two firearms on the day of the alleged assault; that one of the firearms was used in the alleged assault; and that only one of the firearms was recovered after Defendant attempted to flee the police. (Report and Recommendation at 18.) The Magistrate Judge concluded that "the affidavit set forth sufficient facts establishing a nexus between [the firearms] and the vehicle and it is plainly reasonable to infer that such items could be found in the vehicle." (*Id.*) The Court agrees.

Defendant now objects to the Report and Recommendation on the grounds that: (1) the record does not support the Magistrate Judge's conclusion that a reasonably prudent police officer would believe that the person they seized had committed the alleged assault when they did not verify the person's physical description before arresting him (Def. Obj. at 2); (2) the Magistrate Judge improperly relied on an inference to conclude that there was sufficient probable cause to support the search of Defendant's vehicle (*id.* at 2-3); and (3) the Magistrate Judge erroneously concluded that entering the passcode to unlock Defendant's mobile telephone did not constitute a search under the Fourth Amendment (*id.* at 3-5).

After a careful review of Defendant's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's conclusions that probable cause existed to support each seizure and search and that accessing Defendant's mobile phone did not implicate his Fourth Amendment protections. The Court notes that even if law enforcement lacked probable cause to arrest Defendant for the alleged assault, the Magistrate Judge correctly observed that officers had an independent basis to arrest him when he attempted to flee the police.[3] Over Defendant's objection, the Court also agrees

---

[3] The Court also agrees with the Magistrate Judge that based on a totality of the circumstances, sufficient probable cause also existed to arrest Defendant for the alleged assault. As the Magistrate Judge correctly noted, probable cause "is a practical and common-sensical standard that is based on the totality of the circumstances and requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." (Report and Recommendation at 11, quoting *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017).) Here, the Court finds an acceptable factual basis to support a finding of probable cause, whether or not officers took the added step to confirm Defendant's identity before arresting him.

with Magistrate Judge Leung that the affidavit set forth sufficient facts to establish a nexus between the items it sought to seize and Defendant's vehicle such that probable cause existed to support the search of Defendant's vehicle after it was towed. The Court also agrees that simply using a passcode to unlock Defendant's cellphone without exploring the contents of the phone does not constitute a search under the Fourth Amendment. *See Riley v. California*, 573 U.S. 373, 388-89. The Court echoes the Magistrate Judge's observation that using Defendant's passcode to access his mobile telephone is not a preferred practice (*see* Report and Recommendation at 21 n.7), but the Court agrees that Defendant failed to meet his burden of proving that his Fourth Amendment was implicated when the access was used simply to verify that the phone belonged to Defendant and not to explore its contents.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Edell Jackson's objections (Doc. No. [38]) to Magistrate Judge Tony N. Leung's August 25, 2021 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's August 25, 2021 Report and Recommendation (Doc. No. [36]) is **ADOPTED**.

3. Defendant's Motion to Suppress Search and Seizure Evidence (Doc. No. [23]) is **DENIED**.

4.	Defendant's Motion to Suppress Electronic Surveillance Evidence (Doc. No. [22]) is **DENIED** as moot.

5.	Defendant's Motion to Suppress Statements Made by Defendant (Doc. No. [24] is **DENIED** as moot.

Dated:  October 20, 2021		s/Donovan W. Frank
					DONOVAN W. FRANK
					United States District Judge