UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | DEFENDANT EDELL JACKSON'S |
| Plaintiff, | ) | MOTION IN LIMINE TO EXCLUDE A |
| | ) | PROPOSED GOVERNMENT EXHIBIT |
| vs. | ) | OBTAINED FROM THE SEARCH OF |
| | ) | HIS MOBILE TELEPHONE AND ALL |
| Edell Jackson, | ) | RELATED TESTIMONY |
| | ) | |
| Defendant. | ) | Crim. No. 21-051 (DWF/TNL) |

Defendant Edell Jackson, through his counsel, Daniel L. Gerdts, Esq., respectfully moves the Court *in limine* to exclude a proposed Government exhibit that was obtained from a search of his telephone that clearly exceeded the narrow authority of the warrant that authorized it.

In Defendant's pretrial motions, he moved to suppress all search and seizure evidence, including the searches and seizures related to his mobile telephone. *See* Doc. No. 23]. Although his original motion contested the lawfulness of the search of the telephone on the grounds that the warrant was "overly-broad, and failed to specify the evidence to be seized," in his written arguments to the Court after the admission of the warrant at issue, he did not further pursue suppression on this ground because the warrant did indeed set forth a very narrow and specific authority for the search and seizures it authorized. It specifically authorized only the search and seizure of files related to the "aggravated assault" that was under investigation when the warrant was

obtained:

> To search: Any and all files including but not limited to records, notes, names, telephone numbers, photographs, videos, text messages, call log information regarding specific communication to and from the telephone that are electronically stored in the cellphone *as it relates to the Aggravated Assault.*
>
> And then to seize: records, notes, names, telephone numbers *that will show evidence of the Aggravated Assault*. Photographs and videos *that would show evidence of the Aggravated Assault*. Text messages *that would show communication about the Aggravated Assault*. Call log information *that would show evidence of communicating with others regarding the Aggravated Assault.*

*See* Warrant dated 22 January 2021 (Motions Hrg. Ex. 2). The affidavit made in support of the warrant makes clear that the "aggravated assault" referenced in the warrant was an incident that occurred on 14 January 2021 in which Defendant is alleged to have "pulled out a revolver and shot one round." The affidavit specifically noted that the "requested electronic data could provide evidence to events leading up to the assault and the possible location of the revolver."

The Government's notice of expert witnesses served on 7 February 2022 now makes clear not only that the Government agents far exceeded the scope of the warrant's authority in conducting their search of the phone, but also that the Government proposes to introduce as exhibits at trial a photograph and text messages seized during that overbroad search that clearly were not authorized by the warrant. The proposed exhibits are a photograph of, and texts related to, a firearm. The photo was apparently taken on 23 October 2020 – *three months before* the alleged assault

that was the subject of the authorized search and having no relevance whatsoever to the alleged assault. The firearm in the photograph also clearly is not related to the investigation of the alleged assault because it is a semiautomatic firearm – *not* the *revolver* alleged to have been used in the commission of the assault.

The Government's proposed evidence was seized in violation of the express limits of the warrant. The evidence therefore should be excluded. *See United States v. Robbins*, 21 F.3d 297, 301 (8th Cir. 1994) ("the seizure was improper because police seized an item not described in the warrant" . . . we hold that the district court correctly found that officers' seizure of Robbins' wallet violated the Fourth Amendment and that the notes from the wallet were thus inadmissible as substantive evidence of Robbins' guilt").

Dated: 17 February 2022                    Respectfully submitted,

                                                                          DANIEL L. GERDTS, LAWYER

                                                                          *s/ Daniel L. Gerdts*

                                                                          Daniel L. Gerdts (#207329)
                                                                          331 Second Avenue South, Suite 705
                                                                          Minneapolis, MN 55401
                                                                          612.800.5086