UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | DEFENDANT EDELL JACKSON'S |
| | ) | MOTION FOR DISMISSAL OF THE |
| Plaintiff, | ) | INDICTMENT AS BASED ON A |
| vs. | ) | STATUTE THAT IS |
| | ) | UNCONSTITUTIONAL ON ITS FACE |
| Edell Jackson, | ) | AND AS APPLIED |
| | ) | |
| Defendant. | ) | Crim. No. 21-051 (DWF/TNL) |

Defendant Edell Jackson, through his counsel, Daniel L. Gerdts, Esq., respectfully moves the Court for an Order dismissing the single count indictment on the basis that the charging statute, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), is facially unconstitutional and unconstitutional as applied to Defendant Jackson in violation of the Second Amendment.

The Second Amendment protects the right to possess and carry firearms: "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. After the Court presided over the trial in this case, the United States Supreme Court issued its landmark opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in which the Court announced that the Second Amendment presumptively protects an individual's bearing of a firearm in public, and the Government may not constitutionally regulate such conduct unless the regulation "is part of the historical tradition that delimits the outer bounds of the right to keep and

bear arms." *Id*. at 2127:

> we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id*. at 2126. The Court further explained that "Constitutional rights are enshrined with the scope they were understood to have *when the people adopted them*." *Id*. at 2136. After conducting a rigorous review of that understanding at the time of the adoption of the Bill or Rights in 1791, the Court re-affirmed that "[t]he Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions." *Id*. at 2156.

Merely having a felony record, however, was never among those reasonable, well-defined restrictions in 1791. As aptly observed by then *judge* Amy Coney Barrett in a well-known Seventh Circuit dissent,

> History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are dangerous. Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons. Nor have the parties introduced any evidence that founding-era legislatures imposed virtue-based restrictions on the right; such restrictions applied to civic rights like voting and jury service, not to individual rights like the right to possess a gun. In 1791—and for well more than a century afterward—legislatures disqualified categories of people from the right to bear arms only when they judged that doing so

was necessary to protect the public safety.

*Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See also* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYOMING L. REV. 249, No. 2, Art. 7 (2020); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010) ("it appears to us that the historical data is not conclusive on the question of whether the founding era understanding was that the Second Amendment did not apply to felons"); C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 HARVARD JOURNAL OF LAW & PUBLIC POLICY 695 (Spring 2009).

Although the Eighth Circuit has addressed the facial validity of Section 922(g), *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) ("it is well settled that Congress did not violate the Second Amendment . . . when enacting . . . § 922(g)"), it has not revisited the issue since the Supreme Court issued its decision in *Bruen*, and *Bruen* makes clear that the statute *is* facially unconstitutional unless the Government can establish that the prohibition on possession of firearms by felons "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." As already discussed above, the historical tradition, as understood when the amendment was adopted in 1791, does *not* support a blanket ban on possession of firearms by the entire class of citizens with criminal convictions for crimes punishable by at least a year and a day in prison. Because the statute unquestionably burdens

conduct protected by the Second Amendment, the statute is therefore facially unconstitutional.

The Eighth Circuit also has considered as-applied challenges to the law, and set forth a two-pronged test for such cases: "At a minimum, to succeed on an as-applied challenge, [a defendant] must establish (1) that the Second Amendment protects his particular conduct, and (2) that his prior felony conviction is insufficient to justify the challenged regulation of Second Amendment rights." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019). That two-pronged requirement, however, directly conflicts with the new holding of *Bruen*, that "the Constitution *presumptively* protects" conduct that is covered by the "plain text" of the Second Amendment. The burden does not fall on the citizen to explain why his status is insufficient to justify a regulation that dispenses with the presumptive protection.

Here, the plain text of the amendment plainly covers Defendant Jackson's conduct – he was "bearing" a commonly used firearm for his protection. The plain text does not distinguish between open or concealed carrying or between bearing while walking or driving in an automobile. The concealed bearing of the firearm in Jackson's jacket while he was sitting peaceably in an automobile in a private parking lot is, after *Bruen*, indisputably conduct that is presumptively protected by the constitution. Mr. Jackson's non-violent adult criminal history of drug possession and sales certainly does not render him sufficiently "dangerous" to justify the prohibition of such conduct by §

922(g)(1).

Other Eighth Circuit cases have reviewed as-applied challenges based on whether the challenger has presented "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. . . . for example, that his stipulated prior felony conviction was for a non-violent offense or that he is no more dangerous than a typical law-abiding citizen." *United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014) (cleaned up). In Woolsey's case, his aggravated assault and resisting arrest convictions foreclosed that argument, but Mr. Jackson's non-violent criminal history for possession and attempted sales of cocaine were all non-violent offenses that certainly do not render him any more dangerous than the typical law-abiding citizen.

In addition to being facially unconstitutional after *Bruen*, therefore, the law as applied to Defendant Jackson in this case also was unconstitutional and in violation of his rights under the Second Amendment.

Dated: 15 August 2022				Respectfully submitted,

						DANIEL L. GERDTS, LAWYER

						*s/ Daniel L. Gerdts*

						Daniel L. Gerdts (#207329)
						331 Second Avenue South, Suite 705
						Minneapolis, MN 55401
						612.800.5086