# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-51 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Edell Jackson, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Edell Jackson's motion to dismiss his indictment. (Doc. No. 100.) He alleges that the charging statute, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), is unconstitutional and thus his indictment should be dismissed. For the reasons set forth below, the Court denies Jackson's motion.

## BACKGROUND

Between 1996 and 2010, Jackson was convicted of eleven felonies and six misdemeanors. Ten of the felony convictions involved drugs and one involved the unlawful possession of a firearm. He was most recently discharged from supervised release in 2020.

In 2021, Jackson illegally possessed a firearm and was charged with violating 18 U.S.C. § 922(g)(1). Following trial, a jury found Jackson guilty of being a felon in possession of a firearm. Jackson now moves to dismiss the indictment, arguing that the

felon-in-possession statute violates the Second Amendment of the United States Constitution.

## DISCUSSION

Jackson asserts that 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing a firearm, is both facially unconstitutional and unconstitutional as applied to him. The Court addresses each argument in turn.

### I.     Facial Challenge

As the Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022). "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* To justify a gun regulation, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

The Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Id.* In *Heller*, the Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). The Court reiterated its position on felon-in-possession statutes in *McDonald*, stating, "We made it clear in *Heller* that our

holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *McDonald*, 561 U.S. at 786 (internal quotations and citation omitted). Given this language, "Courts of Appeals have unanimously upheld the constitutionality of section 922(g)(1) against facial attacks." *Medina v. Sessions*, 279 F. Supp. 3d 281, 287 (D.D.C. 2017) (citation omitted).

In *Bruen*, the Court again stressed that *Heller* and *McDonald* remain good law. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court has said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id.* at 2157 (Alito, J., concurring). Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, emphasized that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id.* at 2189 (Breyer, J., dissenting).

While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010). This remains good law. Jackson's facial challenge to section 922(g)(1) is therefore denied.

3

## II.     As-Applied Challenge

Jackson next argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional 'on the facts of the particular case.'" *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Sanjour v. EPA*, 56 F.3d 85, 92 n.10 (D.C. Cir. 1995)). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* (internal quotations and citation omitted). Jackson argues that because his prior eleven felony convictions were nonviolent, his conviction under section 922(g)(1) is unconstitutional as applied to him.

The Eighth Circuit "has not resolved whether the felon-in-possession statute is susceptible to as-applied challenges." *Williams*, 24 F.4th at 1211.[1] And no as-applied challenge to section 922(g)(1) has been successful in this circuit. Still, the Eighth Circuit has indicated that a defendant may make a successful as-applied challenge to section 922(g) by presenting "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment

---

[1]     The Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits "have held that section 922(g)(1) is constitutional as applied to all felons." *Medina*, 279 F. Supp. 3d at 287 (citing cases). The Third, Seventh, and D.C. Circuits have allowed as-applied challenges but never granted one by a felon. *Id.* And the First Circuit has expressed skepticism about an as-applied challenge. *Id.*

protections."[2] *United States v. Brown*, 436 F. App'x 725, 726 (8th Cir. 2011) (internal quotations and citation omitted).

Jackson argues that historical tradition, as understood in 1791, does not support a blanket ban on the possession of firearms by all convicted felons. Rather, Jackson argues, only those deemed to be dangerous were historically prohibited from possessing guns. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Jackson contends that he is not dangerous because his prior eleven felony convictions were nonviolent, and thus the law as applied to Jackson in this case was unconstitutional.

The Court takes issue with Jackson's argument for two reasons. First, the Court fundamentally disagrees with the notion that a person who commits a nonviolent felony is *ipso facto* not dangerous. Second, and most importantly, the Eighth Circuit's prior review of historical scholarship from the Founding Era reveals that gun restrictions were not limited to those deemed to be dangerous but were instead "directed at citizens who [were] not law-abiding and responsible." *United States v. Bena*, 664 F.3d 1180, 1183

---

[2]   Jackson argues that because the Constitution "presumptively protects" conduct covered by the "plain text" of the Second Amendment, the burden is on the government to prove that his status is sufficient to justify a restriction of his Second Amendment right. (*See* Doc. No. 100 at 4 (emphasis omitted).) But Jackson's argument ignores *Heller*, which, as explained above, remains good law. *Heller* noted that felon-in-possession statutes are "presumptively lawful." *Heller*, 554 U.S. at 627 n.26 & 635. Thus, consistent with Eighth Circuit case law, the burden remains on Jackson to prove his as-applied challenge.

(8th Cir. 2011). Nevertheless, Jackson has proven himself to be both dangerous and unable to abide by the law.

The Eighth Circuit has denied as-applied challenges to section 922(g)(1) when the defendant fails to demonstrate that he is "no more dangerous than a typical law-abiding citizen." *Brown*, 436 F. App'x at 726. Here, Jackson has failed to demonstrate that he is no more dangerous than a typical law-abiding citizen. Although his prior felonies were nonviolent, they involved dangerous conduct. Ten of Jackson's prior felony convictions involved drugs, one involved the unlawful possession of a firearm, and four of his prior drug convictions involved drug trafficking. Moreover, Jackson has fled from the police to avoid arrest on numerous occasions, including before his most recent arrest in 2021. While in custody, Jackson has shown a pattern of behavioral problems, including disorderly conduct, disobeying orders, fighting, and tampering with security devices. Jackson has also repeatedly violated his probation terms. *See United States v. Hughley*, 691 F. App'x 278, 279 (8th Cir. 2017) (per curiam) (denying the defendant's as-applied challenge to section 992(g)(1) where he was "convicted of multiple [drug-related] felonies and has repeatedly violated his probation terms"). While in his brief, Jackson swiftly concludes that he is no more dangerous than the typical law-abiding citizen, the Court disagrees. His prior eleven felony convictions—as well as his behavior in custody and during supervised release—warrant a restriction on his Second Amendment right.

Additionally, the Eighth Circuit has found that restricting felons from possessing guns has not solely been about dangerousness. "Scholarship suggests historical support for a common-law tradition that permits restrictions directed at citizens who are not law-

6

abiding and responsible." *Bena*, 664 F.3d at 1183.  The concept of the right to bear arms was "tied to that of the virtuous citizen." *Id.* (internal quotations and citation omitted). Other circuits, and most scholars of the Second Amendment, have similarly concluded that "the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)).  In sum, those who commit *serious* crimes—whether violent or nonviolent—forfeit their right to possess firearms.

In this case, Jackson has previously committed eleven serious crimes, ten of which involved drugs and one of which involved the unlawful possession of a firearm.  He has demonstrated that he is not able to abide by the law and thus he has failed to demonstrate that he may be trusted to possess a firearm.  For these reasons, the Court denies Jackson's as-applied challenge.

## CONCLUSION

For the reasons set forth above, the Court denies Jackson's motion to dismiss the indictment.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Edell Jackson's motion to dismiss (Doc. No. [100]) is **DENIED**.

Dated: September 13, 2022     s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge